**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRUCE WILLIAMS, ROBYN WILLIAMS, and TIM LUNDT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTELLIGENT SCM, LLC d/b/a HORIZON ENTERTAINMENT CARGO,<br><br>Defendant. | Case No.:<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Bruce Williams, Robyn Williams, and Tim Lundt,[1] individually and on behalf of all others similarly situated, bring this Complaint against Intelligent SCM, LLC d/b/a Horizon Entertainment Cargo ("Defendant" or "Horizon"). Plaintiffs allege the following based on (a) personal knowledge, (b) the investigation of counsel, and (c) information and belief.:

**INTRODUCTION**

1. Plaintiffs represent a class of United States triathletes that participate in triathlons around the world. The are three legs of a triathlon: swimming, biking, and running. To compete in international triathlons, triathletes such as Plaintiffs, must arrange to ship their bikes from the United States to the location of their triathlon and then back to the United States.

2. Relevant here, Plaintiffs and the putative class of U.S. triathletes contracted with Tribike Transport, LLC ("Tribike") to transport their bikes. Tribike advertises shipping services

---

[1] As of the date of this filing, Plaintiffs' counsel have been directly contacted by over 100 members of the putative class.

1

whereby the triathletes drops off their bike, pays Tribike a fee, and Tribike arranges for the necessary shipping to the destination, and then handles all the post-race shipping to get the bike back to the United States. TriBike is a preferred partner for USA Triathlon and Ironman races.

3.  Tribike subcontracted the shipment of the bikes of Plaintiffs' and the putative class of triathletes to Defendant and, upon information and belief, thereafter became insolvent.

4.  After learning of Tribike's insolvency and its inability to pay the invoices associated with the shipment of the triathletes' bikes, Defendant decided to retain possession of the triathletes' bikes and has expressed an intent to sell them to satisfy the amounts that Tribike allegedly owes Defendant.

5.  Plaintiffs and the putative class of U.S. triathletes, however, have no contract with Horizon, their contract with Tribike does not reference the use of subcontractors and does not name Horizon, the contract with Tribike does not pass possession of their bikes to Horizon, and thus Horizon cannot continue to hold, let alone sell, the personal property of Plaintiffs and the putative class.

6.  Horizon is also in direct violation of a temporary restraining order ("TRO") issued by Judge George C. Bell, a Superior Court Judge in North Carolina on November 2, 2023. The TRO, explained more fully below, ordered Horizon to relinquish possession of the bikes to Tribike so they could return them to Plaintiffs and the putative class of U.S. triathletes on November 3, 2023. Horizon, however, defied the TRO and has still failed to release the bikes.

7.  Plaintiffs thus bring this Class Action Complaint against Horizon to recover their bikes through replevin, and to recoup their monetary damages associated with Horizon's unlawful acts and practices by asserting claims for theft, trespass to chattels, conversion, and unjust enrichment.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant transacts business in this district, is incorporated under the laws of the State of New Jersey, is subject to personal jurisdiction in this district, and therefore is deemed to be a citizen of this district.

10. This Court has personal jurisdiction over Defendant because it has conducted substantial business in this judicial district and Defendant is incorporated under the laws of the State of New Jersey. Defendant's New Jersey Secretary of State registration lists Hawthorne, New Jersey, a part of Passaic County, as Defendant's registered address.

**THE PARTIES**

11. **Plaintiff Bruce Williams** is a citizen and resident of Loveland, Ohio. Plaintiff contracted with Tribike for the shipment of his Cervelo P3 bike in connection with the World Triathlon Championships. Plaintiff represented the United States of America at the World Triathlon World Championships from September 22 to September 24 in Ponteverda, Spain. At the conclusion of the event, Plaintiff dropped his bike off for shipment back to the United States. As of the date of filing this Complaint, Plaintiff's Cervelo P3 bike is in the sole possession of Defendant. Plaintiff is informed, and on that basis alleges, that Defendant has no intention to return

3

Plaintiff's bike and that Defendant imminently intends to sell Plaintiff's personal property at auction. Plaintiff estimates that his Cervelo P3 bike is currently worth between $6,000 and $7,000.

12.     **Plaintiff Robyn Williams** is a citizen and resident of Loveland, Ohio. Plaintiff contracted with Tribike for the shipment of her Cervelo P3 bike in connection with the World Triathlon Championships. Plaintiff represented the United States of America at the World Triathlon World Championships from September 22 to September 24 in Ponteverda, Spain. At the conclusion of the event, Plaintiff dropped her bike off for shipment back to the United States. As of the date of filing this Complaint, Plaintiff's Cervelo P3 bike is in the sole possession of Defendant. Plaintiff is informed, and on that basis alleges, that Defendant has no intention to return Plaintiff's bike and that Defendant imminently intends to sell Plaintiff's personal property at auction. Plaintiff estimates that her Cervelo P3 bike is currently worth between $6,000 and $7,000.

13.     **Plaintiff Tim Lundt** is a citizen and resident of Woodland Park, Colorado. Plaintiff contracted with Tribike for the shipment of his A2 Triathlon Bike in connection with the World Triathlon Championships. Plaintiff represented the United States of America at the World Triathlon World Championships from September 22 to September 24 in Ponteverda, Spain. At the conclusion of the event, Plaintiff dropped his bike off for shipment back to the United States. As of the date of filing this Complaint, Plaintiff's A2 Triathlon bike is in the sole possession of Defendant. Plaintiff is informed, and on that basis alleges, that Defendant has no intention to return Plaintiff's bike and that Defendant imminently intends to sell Plaintiff's personal property at auction. Plaintiff estimates that his A2 Triathlon bike is currently worth approximately $6,000.

14.     **Defendant Intelligent SCM, LLC** is a limited liability company formed under the laws of the State of New Jersey. Intelligent SCM, LLC does business under fictious names,

including Horizon Entertainment Cargo, and maintains its principal place of business in Los Angeles, California.

## FACTUAL ALLEGATIONS

15. Plaintiffs and the putative class are triathletes who arranged for the transport of their bikes through Tribike prior to Tribike's apparent insolvency.

16. At such time, Tribike had already contracted with Defendant to transport the bikes and thus Tribike provided Defendant with the bikes.

17. Upon information and belief, Tribike was unable to pay Defendant for amounts due related to prior services and invoices.

18. Instead of returning the personal property of Plaintiffs and the putative class of U.S. triathletes and litigating the unpaid invoices directly with Tribike, Defendant decided to retain the triathletes' personal property and now intends to sell the triathletes' bicycles.

19. The contract that Plaintiffs and the putative class entered into with Tribike, however, does not mention subcontractors at all. Further, it also does not transfer title from Plaintiffs personal property to Tribike.

20. On November 2, 2023, Judge George C. Bell, a Superior Court Judge in North Carolina, granted a temporary restraining order ("TRO") filed by Tribike.

21. The TRO ordered Horizon to relinquish possession of the bikes to Tribike so they could return them to Plaintiffs and the putative class of U.S. triathletes on November 3, 2023 and designated 3410 Oak Lake Boulevard in Charlotte, North Carolina 28208 as the place of compliance.

22. In so ordering, Judge Bell held that Horizon was not entitled to assert a lien over the 180 bikes in its possession. Specifically, Judge Bell determined that "Tribike's contract with

Horizon contains a provision that provides Horizon with a lien on 'any and all property and documents relating thereto of Customer [Tribike].' **It does not contain a provision that provides Horizon with a lien on property not owned by Tribike**." *See* Exhibit 1, ¶ 12 (emphasis added).

23. Upon information and belief, Horizon defied Judge Bell's ruling and failed to make the bikes available to pick up by Tribike so that they could be returned to Plaintiffs and the putative class.

24. To date, Defendant has not returned the bikes to Plaintiffs and the Class. In addition, Defendant has expressed its intent to sell the bikes at auction to satisfy the dispute between Tribike and Horizon.

## CLASS ACTION ALLEGATIONS

25. Plaintiffs bring this action on behalf of themselves, and on behalf of the following class pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the proposed classes are defined as follows:

**Nationwide Class**:
All persons or entities in the United States that contracted with Tribike for the transport of their bike to which Horizon is not relinquishing possession.

**Ohio Class**:
All persons or entities in Ohio that contracted with Tribike for the transport of their bike to which Horizon is not relinquishing possession.

**Colorado Class**:
All persons or entities in Ohio that contracted with Tribike for the transport of their bike to which Horizon is not relinquishing possession.

26. Together, the Nationwide Class and the State Classes shall be collectively referred to herein as the "Class."

27. Excluded from the Class are Defendant, its affiliates, employees, officers and directors,, and the Judge(s) assigned to this case. Plaintiffs reserve the right to modify, change, or expand the Class definitions after conducting discovery.

28. <u>Numerosity</u>: Upon information and belief, the Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class is unknown at this time, such information being in the sole possession of Defendant and obtainable by Plaintiffs only through the discovery process, Plaintiffs believe that approximately 200 bikes are currently in the possession of Defendant.

29. <u>Existence and Predominance of Common Questions of Fact and Law</u>: Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class members. These common legal and factual questions include, but are not limited to:

   a. Whether Horizon is exercising unlawful possession over the bikes;

   b. Whether Horizon has harmed the Plaintiffs and the putative class;

   c. Whether Horizon must cede possession of bikes to Tribike because the bikes are not the property of Horizon or Tribike;

   d. Whether Horizon is liable for the causes of action alleged below; and

   e. Whether Plaintiffs and the Class members are entitled to monetary damages and/or other remedies and, if so, the nature of any such relief.

30. <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the Class as their bikes are in the possession of Horizon. Furthermore, Plaintiffs and all members of the Class sustained monetary and economic injuries including, but not limited to, ascertainable loss arising out of

Defendant's wrongful conduct. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all absent Class members.

31. <u>Adequacy</u>: Plaintiffs are adequate representatives because their interests do not conflict with the interests of the Class that they seek to represent, they have retained counsel that are competent and highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

32. <u>Superiority</u>: A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiffs and members of the Class. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class to individually and effectively redress the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation also increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Class can be readily identified and notified based on, *inter alia*, Defendant's records.

33. <u>Injunctive Relief</u>: Pursuant to Fed. R. Civ. P. 23(b)(2), Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final

injunctive relief, corresponding declaratory relief, or final equitable relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

### REPLEVIN

34. Plaintiffs incorporate by reference each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

35. The bikes currently in the possession of Defendant are the personal property of Plaintiffs and the Class. Descriptions of Plaintiffs' bikes are above, and the remainder of the bikes at issue can be identified by Defendant's records.

36. The specific aggregate value of the bikes at issue is unknown at this time, but Plaintiffs allege that the current market value of the bikes and their accessories exceeds at least $1,000,000.

37. Plaintiffs do not know the current location of the bikes. Upon information and belief, Plaintiffs believe the bikes were located in North Carolina and Defendant moved them in response to the North Carolina court's temporary restraining order. The location of the bikes is within the exclusive knowledge of the Defendant.

38. Plaintiffs are entitled to the immediate return of their personal property, as Defendant has no legal title to the bikes. The contract between Defendant and Tribike only permits Defendant to take title to *Tribike's* property in the event of a default or breach, not the property of Plaintiffs and the Class. Legal title to the bikes did not pass to Tribike when it contracted with Plaintiffs and the Class.

39. Defendant has not taken Plaintiffs' property for a tax assessment or fine pursuant to a statute, or seized it under an execution against the property.

## SECOND CAUSE OF ACTION

## TRESPASS TO CHATTELS

40. Plaintiffs incorporate by reference each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

41. Plaintiffs and the Class are the owners of their bikes and possess legal title thereto.

42. Defendant has possession of the bikes and has intentionally refused to relinquish them to Plaintiffs and the Class, and has expressed an intention to sell the bikes at auction in order to resolve a business dispute between Tribike and Defendant.

43. Defendant has intentionally deprived Plaintiffs and the Class the use of their bikes for a substantial time.

44. By depriving Plaintiffs and the Class of their bikes, and by expressing an intention to auction them, Defendant has harmed Plaintiffs' and the Class' legally protected interests in their bikes.

45. As a result, Defendant has harmed Plaintiffs and the Class and they have suffered damages as a result of Defendant's conduct.

## THIRD CAUSE OF ACTION

## THEFT

46. Plaintiffs incorporate by reference each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

47. By refusing to return Plaintiffs' and the Class' bikes and expressing an intention to sell them, Defendant knowingly exercised control over Plaintiffs' and the Class' bikes without authorization and also by threat and deception.

48.     Defendant acted knowingly and intentionally by refusing to relinquish possession of the bikes to their lawful owners, and by deceiving Plaintiffs and the Class by stating it may legally seize their bikes to satisfy a business dispute between Defendant and Tribike.

49.     By asserting it has legal title over the bikes and by stating it intends to sell the bikes at auction, Defendant has demonstrated a specific intent to permanently deprive the owners of the bikes the benefit of their ownership.

## **FOURTH CAUSE OF ACTION**

### **CONVERSION**

50.     Plaintiffs incorporate by reference each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

51.     Plaintiffs and the Class paid Tribike for the shipment of their bikes and paid Tribike for such services.

52.     Defendant intentionally interfered with Plaintiffs' and the Class' rights when it seized and refused to return their bikes.

53.     Defendant's decision to seize and refuse to return the bikes to their lawful owners deprived Plaintiffs and the Class of their personal property.

54.     Defendant's intentional interference damaged Plaintiffs and the Class in that they no longer have possession of their bikes and, upon information and belief, Defendant is in the process of auctioning off the bikes in order to satisfy the dispute between Tribike and Defendant, despite neither Defendant nor Tribike having lawful ownership of the bikes at issue.

55.     Plaintiffs and the Class seek the immediate return of their bikes, or alternatively, the full market value of their bikes in addition to all consequential damages, including but not limited to, the cost of purchasing replacement bikes and accessories.

## **FIFTH CAUSE OF ACTION**

### **UNJUST ENRICHMENT**

56. Plaintiffs incorporate by reference each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

57. Plaintiffs and the Class conferred a direct benefit on Defendant by paying Tribike for the transport of their bikes, which Tribike then subcontracted to Defendant.

58. Defendant knowingly and willingly accepted and enjoyed the benefits conferred on it by Plaintiffs and the Class when it took possession of the bikes.

59. Defendant voluntarily accepted and retained those benefits with full knowledge and awareness that, as a result of its conduct, Plaintiffs and the Class would be deprived of their personal property.

60. Defendant's retention of the bikes is unjust and inequitable under the circumstances alleged herein.

61. Plaintiffs and the Class are thus entitled to recover all actual and consequential damages as a result of Defendant's refusal to return their personal property.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully request that this Court:

A. determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying the Class as defined above;

B. appoint Plaintiffs as the representatives of the Class and their counsel as Class Counsel;

C. award all actual, general, special, incidental, statutory, punitive, and consequential damages to which Plaintiffs and Class members are entitled;

D. award pre-judgment and post-judgment interest on such monetary relief;

E. grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Defendant to relinquish possession of the bikes;

F. award reasonable attorney's fees and costs; and

G. grant such further relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated: November 17, 2023

Respectfully submitted,

*/s/ Matthew D. Schelkopf*
Joseph G. Sauder
Matthew D. Schelkopf
Joseph B. Kenney
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, PA 19312
Tel: 888-711-9975
Facsimile: 610-421-1326
jgs@sstriallawyers.com
mds@sstriallawyers.com
jbk@sstriallawyers.com

*Attorneys for Plaintiffs and the putative Class*